No. 12,580.

## LEEPER *v.* THE CITY OF SOUTH BEND.

TAXES.—*Unplatted Land in City or Town.*—*Extent of Taxation for City Purposes.*—*Statute Construed.*—Unplatted land, used for agricultural purposes, lying within the limits of a city, is subject to the general burden of State and county taxes, and also the city school tax, and such special assessments as affect it in common with other city property ; but under section 3261, R. S. 1881, it is subject to taxation by the city for general city purposes only to an amount equal to that imposed upon property in the civil township for general township purposes.

From the St. Joseph Circuit Court.

*A. Anderson,* for appellant.

*J. Hagerty,* for appellee.

MITCHELL, J.—The appellant was the owner of forty acres of unplatted land, lying within the limits of the city of South Bend. The land was used exclusively for agricultural purposes, and in the year 1884, it was valued for taxation at $2,500. The tax levy in the city was, for that year, $1.25 on each $100 valuation. The aggregate tax levy, for all purposes, on property situate in Portage township, in which the city of South Bend is situate, was $1.19 for the same year. Of this last sum, fifty-eight cents was for State and county purposes, while sixty-one cents was for township purposes, including fourteen cents for school township purposes. The appellant paid to the city treasurer for city purposes an amount equal to sixty-one cents on each $100 of the valuation of his property. He refused to pay more, and brought an action to enjoin the city from collecting, as it claimed the right to do, an amount equal to $1.19 on each $100 valuation.

From the decision of the court below, which upon a special finding of facts was in favor of the city, this appeal is brought, and the question here is the proper construction of section 3261, R. S. 1881, which reads as follows: "Lands lying within the limits of any city or incorporated town in

this State, that are not platted as city or town property, and are not used for other than agricultural purposes or are wholly unimproved, together with all personal property used for the purpose of farming on such lands, shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated."

The appellant's claim is, that the words "aggregate percentage of the tax levy in the civil township" mean such taxes as are levied in the township for civil township purposes only, and not the aggregate percentage of all taxes that may be levied for all purposes including those levied for the State, county and township. He also contends that it does not include the amount levied for the school township.

We are not favored with a brief on behalf of the appellee. We think the purpose of the Legislature in passing the law in question, as in passing other acts of similar import which preceded it, was to prevent the imposition of a substantially higher rate of taxation upon agricultural lands lying within the limits of a city, than the same lands would have been subject to if they had not been embraced within the corporate limits. Such lands are liable to taxation for State and county purposes the same as all other property in the city or township. They are also subject to taxation for school purposes within the city the same as other city property. *City of South Bend* v. *University of Notre Dame,* 69 Ind. 344. Such lands are also subject to all special taxes and assessments which affect them, the same as other property within the city. But they "shall not be taxed in such city or town, for all purposes," that is, all general city purposes, at a higher aggregate percentage than the aggregate percentage in the civil township in which they are situate. The evident meaning of this provision is, that such lands shall not be taxed *by* such city for general city purposes, etc. For general city purposes such lands are subject to taxation to an extent equal to the aggregate percentage

of the tax levy in the civil township for civil township purposes, that is, for purposes such as the property has not already been subjected to taxation for. If it were otherwise, property thus situate would in effect be subjected to double taxation. It would be taxed for State and county purposes and also for city schools. It may be taxed for other general purposes equally with all other property in the city and township. If then the city might for general city purposes impose a tax upon it equal to all that which as township property it had been subjected to for all purposes, it might often happen that such property, would be subjected to a heavier burden than other city property. The language of the act, it must be admitted, is not altogether free from ambiguity, but, considered in the light of the legislation on the same subject which preceded it, we think the purpose of the act was to make property of the character there described, subject to taxation for general city purposes to an amount equal to that imposed upon property in the civil township for general township purposes. This leaves it subject to the general burden of State and county tax, also to the city school tax. It is also subject to such other special assessments as affect it in common with all other city property, and to a tax for general city purposes equal to the aggregate percentage of the levy in the civil township for township purposes.

This conclusion results in reversing the judgment of the circuit court, with costs, with directions to state conclusions of law in favor of the plaintiff, and to render judgment in favor of appellant.

The death of the appellant pending the appeal having been suggested, the judgment below is to be entered as of the date of the submission of this cause, to wit, September 19th, 1885.

Filed May 19, 1886.