Dickerson *et al. v.* Franklin.

Filed Oct. 21, 1887.

———————◇———————

No. 14,009.

DICKERSON ET AL. *v.* FRANKLIN.

TAXES.—*City and Town.— Unplatted Agricultural Lands Lying Within.—Percentage of Taxation.—Statute Construed.*—Under section 3261, R. S. 1881, unplatted agricultural lands, containing five acres or more, lying within the limits of a city or incorporated town, are not taxable by the city or town for general city or town purposes at a higher aggregate percentage than the aggregate percentage of the tax levied in the civil township for general township purposes; but such lands are subject to all special assessments which affect them in common with other property of the city or town.

From the Owen Circuit Court.

*E. C. Steele* and *W. Hickam,* for appellants.

*S. O. Pickens,* for appellee.

NIBLACK, J.—A controversy existed between Orris T. Dickerson, auditor of Owen county, and William B. Haltom, treasurer of that county, on the one side, and William M. Franklin, a resident citizen of the town of Spencer, an incorporated town of the same county, on the other side, concerning the levy and collection of certain taxes assessed against Franklin.

The parties appeared voluntarily in the court below and submitted the matters in controversy between them to the decision of that court, upon an agreed statement of facts, under the provisions of section 553, R. S. 1881.

The agreed statement of facts was substantially as follows: That Franklin was the owner·of two tracts of land, one in section 20 and the other in section 29 in township 10 north of range 3 west; that they joined each other and constituted one farm containing one hundred and thirty-five acres, and were together appraised for taxation at the sum of $6,130; that said lands were unplatted and were situate within the corporate limits of said town of Spencer; that Franklin was a taxpayer of said town as well as of the county of Owen; that said town of Spencer was situate within Washington township of said county; that the tax levy was, in said township of Washington, on each $100, as follows: State taxes, 12 cents; State-house tax, 2 cents; State school tax, 16 cents; endowment tax, ½ cent; county taxes, 49 cents; township taxes, 10 cents; tuition tax, 20 cents; special school tax, 5 cents; turnpike road tax, 1½ cents; road tax, 15 cents; total, $1.31; that the tax levy in said town of Spencer was: State tax, 12 cents; State-house tax, 2 cents; State school tax, 16 cents; endowment tax, ½ cent; county taxes, 49 cents; corporation tax, 10 cents; tuition tax, 25 cents; special school tax, 30 cents; turnpike road tax, 1½ cents; sinking fund tax, 2 cents; interest tax, 10 cents; fire tax, 3 cents; road tax, 10 cents; total, $1.71; that these levies of taxes were for the year 1886; that no part of these lands is used for anything other than agricultural purposes; that Franklin

had paid the tax on said lands to the amount of $1.31 on each $100 valuation, and had refused to pay more; that Dickerson, as auditor, and Haltom, as treasurer, of said county of Owen, were claiming from Franklin the additional sum of $24.52 as a balance of taxes still due said town on said lands; that Franklin had demanded of Dickerson, as such auditor, a remission of said sum of $24.52 so claimed as still due, but that Dickerson had declined to remit the same; that Haltom, as such treasurer, was threatening to collect the said sum of $24.52 from Franklin as a balance of taxes lawfully due from him; that the said Dickerson and Haltom were authorized in their respective official capacities by said town of Spencer to collect all taxes due said town; that the only question to be decided was as to whether the said Dickerson and Haltom, or either of them, upon the facts as stated, had a right to collect from Franklin any sum, as taxes against the lands in question, additional to what he had already paid, and if so, how much?

Upon full consideration the circuit court came to the conclusion and decided that the lands were subject to the State and county tax, and to the town school tax, also to such other special assessments as affect said lands in common with all other town property, and to a tax for general town purposes equal to the aggregate percentage of the levy in the civil township of Washington for township purposes—that is to say, State taxes for all purposes, 30½ cents on each $100; county tax, 49 cents; tuition and special school taxes, 55 cents; special assessments, of which 10 cents was for road tax, 11½ cents; turnpike road tax, 1½ cents; and corporation tax, 10 cents, making a total of $1.56 on each $100 valuation of property; and that Franklin was still liable to pay an additional tax of 25 cents on each $100 valuation of said lands, and no more.

A proper decision of the merits of the controversy in this case involves a construction of section 3261, R. S. 1881, and both parties unite in requesting that we shall give that sec-

tion a more extended and detailed construction than has been heretofore given it. The section is as follows : " Lands lying within the limits of any city or incorporated town in this State, that are not platted as city or town property, and are not used for other than agricultural purposes or are wholly unimproved, together with all personal property used for the purpose of farming on such lands, shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated : *Provided, however,* That the provisions of this act shall not apply to parcels of land containing less than five acres."

This section was construed by this court in the case of *Leeper* v. *City of South Bend,* 106 Ind. 375. It was then, in legal effect, held that the declaration that the class of lands described " shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage " than in said section stated, means that such lands shall not be taxed *by* the city or town for general city or town purposes at a higher aggregate percentage than the aggregate percentage of the tax levied in the civil township for general township purposes ; but that lands of that class are subject to all special assessments by the city or town which affect them in common with the other property of the city or town. .

We adhere to the construction then given, regarding it still as more in accordance with reason and justice, and with the probable intention of the Legislature in enacting the section, than a more strictly literal construction would be. The general conclusion announced by the court below, being in accordance with the construction thus heretofore given by us, must be held to have been a reasonable conclusion, and to have, therefore, stated the law of this case, as applicable to the facts, correctly.

In its application of the general principles announced by

Dickerson *et al. v.* Franklin.

it to the various classes of taxes embraced in the statement of facts, the court below evidently intended to be understood as holding that the State, State-house, State school, endowment, county, tuition, special school, the turnpike road and road taxes levied and charged against Franklin's lands were lawfully so levied and charged, and that the 10 cents on the $100 levied as a corporation tax, corresponding as it did with the amount levied by the civil township for township purposes, was, standing alone, a proper tax against those lands; but that, adding 10 cents for interest tax, 2 cents for sinking fund tax, and 3 cents for fire tax, the gross amount levied for strictly town purposes was greater by 15 cents on the $100 than that levied by the civil township for township purposes, and was to that extent in excess of the amount permitted to be levied by the section of the statute under consideration.

As thus understood, we think the court below made a substantially correct application of the general principles announced by it as above stated.

Deducting this excess of 15 cents on the $100 from the' gross amount of the several taxes levied on the property of the town of Spencer generally, there remained the sum of. $1.56, or, which is practically the same thing, $1.56½, on the $100 which was a proper charge against the lands owned by Franklin.

We accept this construction upon the theory that the levy for the sinking fund was presumably made to reimburse the town for money theretofore expended for general town purposes, and upon the further theory that the fire tax was levied in aid of, and as auxiliary to, the general expenses of the town, under the provisions of section 3333, R. S. 1881.

It will be observed that the limit placed upon the levy of taxes upon exclusively agricultural lands by a city or town results from the action which the proper *civil* township may have taken in making a corresponding levy, and not from anything which may be done by the *school* township, embrac-

ing the same territorial limits.    *City of South Bend* v. *University of Notre Dame*, 69 Ind. 344.

The judgment is affirmed, with costs.

Filed Oct. 21, 1887.