Filed Feb. 13, 1894.

---

No. 1,029.

## LEONARD *v.* THE CITY OF INDIANAPOLIS.

TAXES.—*City.*—*Recovery of Taxes Erroneously Assessed and Collected.* —*Remedy.*—*Statute Repealed.*—Section 3157, R. S. 1881, providing for a board of equalization in cities, fixing their powers and duties, and providing for the repayment of taxes erroneously assessed and collected, was not repealed by the act of February 21, 1885, R. S. 1894, section 3747, *et seq.*, so as to affect the remedy given by said section 3157, for the recovery of taxes erroneously assessed and collected. But even if the act of 1885 should have the effect to abolish the remedy given by said section 3157, it would still be enforceable under sections 243 and 248, R. S. 1881, where the right accrued previous to the taking effect of the act of 1885.

From the Marion Superior Court.

*H. Blackledge* and *W. W. Thornton*, for appellant.

*J. E. Scott*, for appellee.

REINHARD, J.—The appellant is, and for many years has been, the owner of certain agricultural lands within the corporate limits of the city of Indianapolis. In her

complaint, to which a demurrer was sustained, she sought to recover the taxes alleged to have been erroneously assessed against such lands, and collected from her.

It is conceded that, at common law, there is neither a right nor a remedy upon which the present action might be founded. The appellant bases her claim upon section 3261, and her remedy upon section 3157, of the Revised Statutes of 1881.

The section first mentioned reads as follows: "Lands lying within the limits of any city or incorporated town in this State, that are not platted as city or town property, and are not used for other than agricultural purposes, or are wholly unimproved, together with all personal property used for the purpose of farming on such lands, shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated: *Provided, however,* That the provisions of this act shall not apply to parcels of land containing less than five acres." R. S. 1881, section 3261. The section became a law on April 16, 1881.

Section 3157, R. S. 1881, is as follows: "The common council, together with the clerk and assessor, shall constitute the board of equalization of such city; and shall, within one month after the assessment-roll has been returned, at a stated meeting thereof (of which at least two weeks notice shall be given), hear and decide all complaints in relation thereto, and shall equalize the same as right and justice may require, and shall have the power to equalize the valuations made by such assessor, either by adding to or deducting from any valuation made as aforesaid, such sum as to them, or a majority of them, may appear just and equitable. The

common council shall have power to refer the assessment-lists and all complaints in regard to any assessment to a committee of said council; which committee shall sit from day to day, and examine such lists, and hear and determine such complaints, and shall make report thereon to the common council within ten days after the meeting of the board of equalization before mentioned; which report shall be accompanied by a statement of the total amount of the taxables returned by the assessor. The common council shall then proceed to fix the amount and rate of tax to be levied on property and polls within such city; and the clerk shall have power, at any time, to correct erroneous assessments that shall be proven and made apparent to him; *and the common council may, at any time, order the amount erroneously assessed against and collected from any tax payer to be refunded to him.*" This section was in force from March 14, 1867.

The clause we have italicised furnishes the remedy upon which the appellant relies.

Under section 3261, *supra*, it has been held that land of the character and location of that described in the complaint, while subject to the general burden of State and county taxes, can be taxed for general city purposes only to an amount equal to that imposed upon land in the civil township for general township purposes. *Leeper* v. *City of South Bend*, 106 Ind. 375; *Dickerson* v. *Franklin*, 112 Ind. 178; *City of South Bend* v. *Cushing*, 123 Ind. 290.

The appellee suggests that in *Simonson* v. *Town of West Harrison*, 5 Ind. App. 459, this court decided that the section last above set out (3157) was repealed by subsequent legislation. In this supposition, we think the learned counsel for the city is in error. The point decided in that case, as we view it, was that the section does not apply to incorporated towns.

In giving construction to this section, the Supreme Court has held that taxes illegally assessed for general city purposes may be recovered from such city. *City of Indianapolis* v. *Patterson,* 112 Ind. 344; *City of Indianapolis* v. *Vajen,* 111 Ind. 240.

And it has further been declared by the same tribunal, that the duty of the city to refund under this section is mandatory. *City of Indianapoles* v. *McAvoy,* 86 Ind. 587.

This section of the statute has never been expressly repealed, and is still the law, therefore, unless it has been repealed by implication by some later statute.

The appellee contends that it was impliedly repealed by the act of February 21, 1885. Acts 1885, p. 13; R. S. 1894, section 3747, *et seq.*

The act just named applies only to cities having a population of over 70,000. It relates to the subject of taxation in such cities, abolishes the offices of assessor and treasurer, provides for the discharge of the duties of such offices, and repeals all laws in conflict with the act.

Under section 3157, *supra,* the common council, clerk, and assessor constituted the board of equalization, and it was their duty to hear and decide all complaints in relation to improper assessments, and to equalize the valuations made by the assessor. The common council was required, after such adjustment and equalization, to fix the amount and rate of taxation to be levied on property and polls within the city, while the clerk was given power, at any time, to correct erroneous assessments proved and made apparent to him. The last clause provided for the refunding of taxes erroneously assessed.

The new law, which, as we said, relates to cities of over 70,000 inhabitants only, makes no provision for a board of equalization, but section 7 thereof declares that the

city council shall levy the taxes for city, school, and library purposes upon the basis of the assessments and appraisements for State and county purposes, as equalized by the county and State boards of equalization.

It is urged on behalf of appellee, that the act of 1885 having taken effect prior to the payment of the taxes here sought to be recovered, the appellant was left without remedy by the implied repeal of section 3157, *supra*. If this position is tenable, then there is no redress for any one who has erroneously and voluntarily paid taxes on property in the city of Indianapolis, for whatever purposes assessed, while taxes thus collected in other cities of the State may be recovered as heretofore, under the statute.

The law of 1885 expressly repeals all former laws in conflict with it. This fact, however, adds but little, if anything, to its repealing force. The later statute will have the effect of repealing the former in so far as it is repugnant to it, even in the absence of such a repealing provision. It would be otherwise, of course, if the statute to be repealed were identified in the repealing act; for in that event the statute thus identified would be repealed, even though not in conflict with the repealing statute.

Repeals by implication are not favored. It is only when the provisions of the two statutes are so clearly repugnant that they can not both stand together, that such a repeal will be adjudged. Even when the provisions of the different acts appear to be in conflict, that construction will be adopted which will allow both to stand, if possible. *State* v. *Wells*, 112 Ind. 237; *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 112 Ind. 93; *Sosat* v. *State*, 2 Ind. App. 586, and cases cited.

We do not overlook the other rule that if the new statute covers the entire subject-matter of the old one,

and is apparently designed to take its place, the old law will be treated as repealed by implication if the new one contains provisions that can not be reconciled with the old. *Robinson* v. *Rippey*, 111 Ind. 112.

But we are not able to conceive how this rule lends any force to the appellee's contention.

Section 3157, *supra*, is a part of the general law of 1867 for the incorporation of cities, defining their general powers and duties, and the manner of exercising the same, being section 59 of that act. Acts 1867, p. 33.

It must be plain that it was not the intention of the Legislature that the law of 1885, which relates only to the subject of taxation and the abolishment of certain offices in cities of over 70,000 inhabitants, should take the place of the entire general law of 1867 concerning cities. There are many provisions left in the general law which apply equally to cities of the larger class, for aught that is contained in the enactment of 1885. Nor do we think there is any repugnancy between the provisions of the act of 1885 and that contained in section 3157, *supra*, respecting the refunding of taxes erroneously paid. In the act of 1867, the power and duty was conferred upon all cities, through their common council, to refund such portions of taxes to the property-owner as had been erroneously collected of him. No provision can be found in the later law, governing cities of the larger class, by which this power and this duty have been taken away, and we know of no reason why the same do not still exist. The fact that the duty of equalizing and correcting assessments under the later law devolves upon some authority other than that designated in the general law governing cities can not affect the duty of the common council to refund taxes conceded or known to be erroneous. It can not be said, therefore, that even the entire subject-matter of section 3157 is

covered by the later law, for in this there is no provision whatever concerning the same; nor can any of the other provisions be construed as being in conflict with it. It certainly can not be held that there is such a connection between the duty of the common council to refund taxes illegally paid and the duty of the officers named in section 3157, upon whom devolved the making of equalizations and corrections of valuations and assessments, that no taxes can be refunded unless they have been first adjudged to be erroneous by such officers.

If we eliminate all the features from the old act, therefore, which are irreconcilable with the new one, we still have a perfect law remaining, which may be executed according to the manifest intent of the Legislature, and when this is the case, the portion not repealed must stand.

For cases analogous in principle, see *State, ex rel.,* v. *Gorby,* 122 Ind. 17; *State, ex rel.,* v. *Beard,* 121 Ind. 514.

In the case of *City of Indianapolis* v. *Vajen, supra,* it was expressly decided that Vajen was entitled to recover from the city for taxes erroneously paid by him, by virtue of section 3157, *supra.* That decision was rendered fully two years after the act of 1885 had taken effect, and although that act is not referred to in the opinion, it can not be assumed that it was overlooked by the court. But, be this as it may, we are fully convinced that there is nothing in the act of 1885 that will debar the appellant from recovering upon the facts stated in the complaint.

Nor are we aware of any other legislation, subsequent to that of 1867, which has taken away the right to recover in a proper case on account of the erroneous payment of taxes, and our attention has not been called to any.

The law which prohibits municipalities from taxing

unplatted lands lying within their limits, but used exclusively for agricultural purposes, at a higher aggregate percentage upon the appraised value than that obtaining in the civil township in which they are located, was in full force when the appellant, according to the averments of the complaint, paid her taxes to the city authorities of Indianapolis, and section 3157, *supra*, gave her a complete remedy for recovering the same. Nor can it be true that either the act known as the City Charter of Indianapolis (Acts 1891, p. 137), or the general law of taxation passed in the same year (Acts 1891, p. 199), can in any manner impair the appellant's right or her remedy.

Conceding, without deciding, that by the legislation of 1891 both the right and the remedy provided for in such cases as the present one have been abrogated, it still remains true that both the right and the remedy of the appellant had then accrued, and could not be affected by such legislation without an express provision to that effect in the repealing act.

Section 243, R. S. 1881, provides that "No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed."

And, in section 248, R. S. 1881, it is declared that the repeal of a statute shall not work a release or extinguishment of any liability incurred under the same, unless it be so declared in the repealing act.

The demurrer to the complaint should have been overruled.

Judgment reversed.

Filed Feb. 15, 1894.