## THE CITY OF INDIANAPOLIS v. MORRIS.

[No. 3,097. Filed October 30, 1900.]

TAXATION.—*Refunding Taxes Erroneously Assessed.—Statutes.—Repeal by Implication.*—The provision of §29 of the act of 1891 (Acts 1891 p. 153) that the assessment of property and the collection of taxes shall be made as now provided by law, and that all real estate not exempt from taxation, shall be assessed at its fair cash value, without discrimination in the valuation of lands used for agricultural purposes, does not repeal by implication §3157 R. S. 1881 giving the common council power to refund taxes erroneously assessed. *pp. 411, 412.*

SAME.—*Refunding Taxes Erroneously Assessed.—Statutes.—Repeal.—* The act of 1891 (Acts 1891, p. 398) repealing §3261 R. S. 1881, exempting farm lands from municipal taxation for certain purposes, providing that such repeal shall not affect pending litigation, does not

exclude others from instituting suits after such repeal for the recovery of taxes erroneously collected on such farm lands before the repeal of the statute. *pp. 412, 413.*

TAXATION.—*Taxes Erroneously Assessed.*—In an action to recover taxes paid upon property which was exempt from taxation for certain purposes, under §3261 R. S. 1881, it is immaterial whether the payment was made voluntarily or involuntarily. *p. 413.*

SAME.—*Farm Lands in City.—Recovery of Taxes Erroneously Collected.*—Plaintiff was the owner of a fourteen acre tract of land lying within the corporate limits of a city, and sought to recover taxes erroneously assessed and collected thereon. It appeared that the owner conveyed two lots of the land to his sons who built houses thereon, and two houses in addition were built on another portion thereof. The remainder of the tract, consisting of about thirteen acres, was separately inclosed, near the center of which was situated the dwelling-house of plaintiff, a stable, and a lawn 200 feet wide extending to the street. The remainder of the land was used for meadow and pasture. *Held,* that the property was farm land within the meaning of §3261 R. S. 1881, and should not be taxed at a higher rate than other farm land in the civil township. *pp. 413, 414.*

SAME.—*Farm Lands in City.—Repealed Statute.*—Section 3261 R. S. 1881 (Repealed in 1891) relative to taxation of farm lands lying within the corporate limits of a city means that such lands shall not be taxed by the city for general city purposes at a higher aggregate percentage than the aggregate percentage of the tax levied in the civil township for general township purposes. *pp. 414-416.*

From the Marion Superior Court. *Affirmed.*

*J. W. Kern* and *J. E. Bell,* for appellant.

*F. H. Blackledge,* for appellee.

COMSTOCK, J.—Appellee sought to recover in the court below certain taxes which he claimed were erroneously assessed and collected by appellant for the years 1888 and 1890 on a tract of land situate within the corporate limits of the city of Indianapolis, containing more than five acres, and not used for other than agricultural purposes. He sought to recover the difference between the rate levied upon said lands within the corporate limits and the rate upon farm lands lying in Center township but outside of the corporate limits of said city. He bases his right to recover on

§3261 R. S. 1881. The method of recovery is provided in §3157 R. S. 1881.

The trial court rendered judgment for appellee for the taxes for the year 1888 and in favor of appellant for the year 1890. Appellant assigns as error (1) the action of the court in overruling its demurrer to appellee's complaint; (2) in overruling its motion for a new trial. For cross-error appellee says that the court erred in overruling his motion for a new trial. Counsel for appellant insist that the judgment of the trial court should be reversed because (1) the statute exempting farm lands, as well as the statute giving a remedy for taxes erroneously assessed and voluntarily paid, were both repealed prior to the commencement of this action; (2) the taxes appellee seeks to recover were voluntarily paid; (3) the land was used for other than agricultural purposes and was improved with valuable improvements; (4) the evidence furnishes no basis upon which to estimate the amount of recovery; (5) if under any circumstances appellee could recover, it could only be for the actual difference between the general city rate and the township rate; (6) of the taxes paid by the appellee for the year 1888, $171.60, had been refunded to him by the city prior to the commencement of this action.

Upon the first proposition counsel assert (1) that section 3157, *supra,* being a part of the general statute for the incorporation and government of cities of the largest class prior to the passage of the charter act approved March 6, 1891 (Acts 1891, p. 137), for the government of cities containing more than 100,000 people, was by the last named act repealed so far as the city of Indianapolis is concerned; (2) that section 3261, *supra,* was expressly repealed by the act approved March 9, 1891 (Acts 1891, p. 398).

The present action was begun August 21, 1894. The repealing clause of the act of March 6, 1891, §134, is as follows: "All laws within the purview of this act, and inconsistent herewith, are hereby repealed." Repeals by im-

plication are not favored.   It is only where the provisions of different acts are so clearly inconsistent that they can not stand together that a repeal will be adjudged.   We find no inconsistencies between the charter act referred to and section 3157, *supra,* giving the common council power to refund taxes erroneously collected.

In the case of *Leonard* v. *City of Indianapolis,* 9 Ind. App. 262, the appellant sought to recover taxes alleged to have been erroneously assessed against certain agricultural lands within the corporate limits of the city of Indianapolis. The court held that section 3157, *supra,* was not repealed by the act of February 21, 1885, §3747 Burns 1894, so as to affect the remedy given by the former section.   The court say, at p. 269 : "Nor can it be true that either the act known as the City Charter of Indianapolis (Acts 1891, p. 137), or the general law of taxation passed in the same year (Acts 1891, p. 199), can in any manner impair the appellant's right or her remedy.

"Conceding, without deciding, that by the legislation of 1891 both the right and the remedy provided for in such cases as the present one have been abrogated, it still remains true that both the right and the remedy of the appellant had then accrued, and could not be affected by such legislation without an express provision to that effect in the repealing act.

"Section 243 R. S. 1881, provides that 'No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed.'

"And, in §248, R. S. 1881, it is declared that the repeal of a statute shall not work a release or extinguishment of any liability incurred under the same, unless it be so declared in the repealing act."   See, also, the recent case of *City of Indianapolis* v. *Ritzinger,* 24 Ind. App. 65, which expressly holds the said section not in force as to any right or remedy which had accrued to the appellee before the pas-

sage of the act, notwithstanding its repeal as claimed. The act of 1891, repealing section 3261, *supra,* contains the following proviso: "Provided that nothing contained in this act shall affect pending litigation, and the rights of such litigants shall remain the same as if this act had not been passed"; and counsel for appellant ably argue that the statute thus saving only the rights of those whose suits were pending excludes all others, and that a general saving statute, like §248 R. S. 1881, *supra,* does not apply where there is a special saving clause in the repealing act; citing *State* v. *Showers*, 34 Kan. 269, 8 Pac. 474. But in view of the expressions of this court cited, we do not deem it profitable to discuss the case named.

As to the second proposition, it is sufficient to say that the section of the statute being in force as to the right of appellee at the time of the payments in question, whether the payments were voluntary or involuntary is not material.

In considering the third proposition, to wit, that the land was not exempt because it was used for other than agricultural purposes and was improved with valuable improvements, we deem it proper to set out the following facts, as disclosed by the record: The tract of land in question originally consisted of fourteen acres, lying between Home avenue, Central avenue, Alabama street, and Morris street. Out of this tract of land two lots on Central avenue, on each of which a house was erected, were conveyed to sons of appellee. Two small houses in addition were built on the fourteen acre tract, one on Alabama street and the other on Central avenue. There remain of the tract practically thirteen acres of ground separately inclosed, near the center of which was situate the dwelling-house of appellee and a stable. Two driveways ten or twelve feet wide, one from the house directly to Central avenue, the other from the house to Alabama street, and a lawn 200 feet wide, extended from the house east to Central avenue, through which one driveway passed. The thirteen acre tract was in one body. The

only houses upon it were the dwelling-house of the appellee and the stable. The land not occupied by the dwelling-house, 'stable and driveways was used for meadow and pasture, and the hay was harvested for appellee's stock, and part was occupied by grape vines and an orchard.

Section 3261 R. S. 1881, is as follows: "Lands lying within the limits of any city or incorporated town in this State, * * * and are not used for other than agricultural purposes or are wholly unimproved, * * * shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage upon the appraised value thereof than the aggregate percentage of the tax levy in the civil township wherein such property is situated: *Provided, however,* That the provisions of this act shall not apply to parcels of land containing less than five acres."

The record thus clearly shows that more than five acres of the land in question were used for no other than agricultural purposes. It also shows that it was, not with mathematical exactness, but practically, thirteen acres in quantity. This also disposes of the fourth proposition.

As the fifth reason for the reversal of the judgment, it is claimed that appellee in any event could recover only the actual difference between the general city rate and the township rate.

Section 3261, *supra,* fixes the rule for finding the difference in rates. In construing this section, the Supreme Court, in *Leeper* v. *City of South Bend,* 106 Ind. 375, say: "Such lands are also subject to all special taxes and assessments which affect them, the same as other property within the city. But they 'shall not be taxed in such city or town, for all purposes,' that is, all general city purposes, at a higher aggregate percentage than the aggregate percentage in the civil township in which they are situate. The evident meaning of this provision is, that such lands shall not be taxed by such city for general city purposes." It is also there held that they are also subject to

taxation for school purposes within the city the same as other property, citing *City of South Bend* v. *University of Notre Dame,* 69 Ind. 344. The court distinguished the civil township rates from all other rates where it defines civil township purposes "as purposes such as the property has not already been subjected to taxation for * * *. This leaves it subject to the general burden of State and county tax, also to the city school tax."

In *Leeper* v. *City of South Bend, supra,* the total rate in the city was $1.25 on the $100; in Portage township, in which the city of South Bend is situate, for State and county fifty-eight cents; for schools fourteen cents; for general civil township purposes sixty-one cents. The court held that sixty-one cents was the standard, and the difference between sixty-one cents and $1.25, or sixty-four cents, the amount due and recoverable. In fixing the standard rate in the township, school rates were excluded. School rates in the city were authorized and levied. If excluded in one tax district, they should be excluded in making a comparison of rates in the other; otherwise it would in effect amount to the refunding of the entire school tax levied in the city which has been held a proper tax on farm lands. The inference, therefore, is that the $1.25 named in the Leeper case is the city corporation rate for all purposes, which is, under this construction, limited to general city purposes not including schools.

In *Dickerson* v. *Franklin,* 112 Ind. 181, the same section is construed. In the course of the opinion, the court say: "This section was construed by this court in the case of *Leeper* v. *City of South Bend,* 106 Ind. 375. It was then, in legal effect, held that the declaration that the class of lands described 'shall not be taxed in such city or town, for all purposes, at a higher aggregate percentage' than in said section stated, means that such lands shall not be taxed *by* the city or town for general city or town purposes at a higher aggregate percentage than the aggregate percentage of the

tax levied in the civil township for general township pur-
poses; but that lands of that class are subject to all special
assessments by the city or town which affect them in common
with the other property of the city or town. We adhere to
the construction then given, regarding it still as more in
accordance with reason and justice, and with the probable
intention of the legislature in enacting the section, than a
more strictly liberal construction would be."

The record shows that the standard laid down in the case
of *Leeper* v. *City of South Bend,* 106 Ind. 375, and followed
in later cases was observed by the trial court in the case at
bar.

The court properly held that appellee's land was not
subject to taxation within the city of Indianapolis beyond
the sum of the township fund, road fund, and bridge fund
tax levies for the year 1888, which, in Center township, in
which Indianapolis is situate, amounted to thirty-four cents
on each $100, and the total rate in the city of Indianapolis,
which was ninety cents on each $100 makes a difference of
fifty-six cents on each $100 erroneously assessed.

In support of his assignment of cross-errors, appellee ·
urges that the court erred in deciding that he was not entitled
to recover the taxes claimed for 1890. The right to recover
the taxes in suit was purely statutory. The section of the
statute exempting appellee's property, being section 3261,
*supra,* was expressly repealed prior to the payment by ap-
pellee of the taxes for that year. Section 3157, *supra,*
provides for the refunding of taxes "erroneously assessed
against and collected from any taxpayer." The statute pro-
vides for the refunding only of the taxes assessed and col-
lected.

The motions for a new trial were properly overruled.
We find no error. Judgment affirmed.