UNION PAĊ. R. CO. v. BOARD OF COM'RS OF WELD COUNTY,
COLO., et al.

.(Circuit Court of Appeals, Eighth Circuit.   October 12, 1914.)

No. 4136.

1. TAXATION (§ 535*)—REFUND OF ILLEGAL TAX—CONSTRUCTION OF STATUTE
   —"FOUND TO BE ERRONEOUS OR ILLEGAL."

   Rev. St. Colo. § 5750, which provides that, "in all cases where any per-
   son⁻ shall pay any tax  *  *  *  that shall thereafter be 'found to be er-
   roneous or illegal,'  *  *  *  the board of county commissioners shall re-
   fund the same without abatement or discount to the taxpayer," relates to
   a finding by a court in a judicial proceeding, and not to any action of ad-
   ministrative boards, and is not repealed or affected by Laws Colo. 1913,
   p. 528, § 5, providing that no abatement, rebate, or refund of taxes shall
   be allowed by the county commissioners until their recommendation there-
   for shall be submitted to and approved by the state tax commission, which
   statute relates only to action taken by the commissioners in their admin-
   istrative capacity.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 991–995, 1012,
   1015;  Dec. Dig. § 535.*]

2. TAXATION (§ 545*)—CONSTRUCTION OF STATUTES—PROSPECTIVE OPERATION
   OF REPEALING STATUTES.

   As ·a rule statutes relating to taxation should be given a prospective
   operation only, and unless otherwise expressly provided statutes in force
   at the time a tax is levied continue in force for its collection, notwith-
   standing their amendment or repeal.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1018;  Dec. Dig.
   § 545.*]

3. TAXATION (§ 608*)—REMEDY FOR WRONGFUL ENFORCEMENT OF TAX—EQUITY
   JURISDICTION—ADEQUATE REMEDY AT LAW.

   Rev. St. Colo. § 5750, giving an action at law against the county ·for the
   recovery of sums paid on account of invalid taxes, provides a plain,
   speedy, and adequate remedy, which in general excludes the jurisdiction
   of equity to enjoin collection of a tax.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241;  Dec.
   Dig. § 608.*]

4. TAXATION (§ 608*)—REMEDY FOR WRONGFUL ENFORCEMENT—EQUITY JURIS-
   DICTION.

   Fraud of taxing officers in the assessment of property is not alone
   ·ground of equitable jurisdiction to restrain the collection of the tax, if
   there is an adequate remedy at law provided by statute.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241;  Dec.
   Dig. § 608.*]   ·

5. TAXATION (§ 608*)—FEDERAL COURTS—EQUITY JURISDICTION—ADEQUATE
   REMEDY AT LAW.

   A federal court of equity, which by Rev. St. § 723 (Comp. St. 1913, §
   1244), is denied jurisdiction where complainant has a plain, adequate,
   and complete remedy at law, is not given jurisdiction by the fact that com-
   plainant has without right instituted such a suit and proceeded until the
   court can give him a more speedy and complete remedy therein than he
   could obtain by resorting to a new action at law.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241;  Dec.
   Dig.. § 608.*]

Appeal from the District Court of the United States for the Dis-
trict of Colorado;  Robert E. Lewis, Judge. .

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the Union Pacific Railroad Company against the Board of County Commissioners of the County of Weld, State of Colorado, and others. Decree for defendants, and complainant appeals. Affirmed.

C. C. Dorsey, of Denver, Colo. (N. H. Loomis, of Omaha, Neb., and Gerald Hughes and E. I. Thayer, both of Denver, Colo., on the brief), for appellant.

Charles F. Tew, of Greeley, Colo. (Walter E. Bliss, of Greeley, Colo., on the brief), for appellees.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This is a suit by the Union Pacific Railroad Company against the commissioners of Weld county, Colo., and its tax-collecting officers, to restrain the collection of state, county, and municipal taxes levied for the year 1912. The complaint charges, in substance, that the property of the railroad company was assessed at one-third of its actual value, while all other property was assessed at not to exceed one-fifth of its value. It is also charged that some classes of property which should properly have been assessed for purposes of taxation were wholly omitted by the assessors. These discriminations are alleged to have been systematic and deliberate. Application was made to the trial court for a temporary injunction. This was heard upon bill, answer, and affidavits, and a large volume of oral testimony, and was denied. The present appeal is brought to review ·that order.

[1] The trial court based its decision upon section 5750 of the Revised Statutes of Colorado, which reads as follows:

"In all cases where any person shall pay any tax, interest or costs, or any portion thereof, that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous assessment, to improper or irregular levying of the tax, to clerical or other errors or irregularities, the board of county commissioners shall refund the same without abatement or discount to the taxpayer."

Following the decision of the Supreme Court in Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288, the trial court held that this statute affords a complete and exclusive remedy for the wrongs here complained of. The appeal raises two questions: (1) Has the statute been repealed as to the tax levy of 1912? (2) If the statute applies to the taxes of 1912, does it afford an adequate remedy?

Plaintiff claims that section 5750 above quoted was repealed by section 5 of chapter 134 of the Session Laws of 1913, which reads as follows:

"No abatement, rebate or refund of taxes shall be allowed by the county commissioners, unless a hearing shall be had thereon and a notice of such hearing and an opportunity to be present being first given to the assessor; and in case any abatement, rebate or refund of taxes shall be recommended by said county commissioners, they shall certify to the Colorado tax commission their findings, giving the amount of such abatement, rebate or refund, and their reasons therefor, and such abatement, rebate or refund, shall be-

come effective upon the indorsement thereon of the approval of the Colorado tax commission; and in case the said Colorado tax commission shall disapprove the recommendations of the county commissioners, they shall indorse their disapproval thereon and return it to the county commissioners with a statement of their reasons therefor, and no abatement, rebate or refund of taxes shall be allowed by the said board of county commissioners if the application is disapproved by the said Colorado tax commission."

In our judgment this statute has nothing to do with the subject embraced in section 5750. It is confined wholly to the administrative functions of county commissioners. By numerous statutes of Colorado, those bodies are vested with power to revise tax proceedings, and, if assessments or taxes are found to be illegal, to abate or refund the same. See sections 5691 and 5641 of the Revised Statutes; section 13, subdivisions 1, 5, and 7, and section 14 of chapter 216 of the Session Laws of 1911. It is also probable that county commissioners, by virtue of their general control over the fiscal affairs of counties, would be vested with power to abate or refund taxes found by them to be illegal. There are numerous provisions in the statutes of the state which give color to such an authority. Section 5 of chapter 134 of the Laws of 1913, above quoted, is intended to place this power of county commissioners under the supervision of the Colorado tax commission. It simply forbids county commissioners to abate or refund taxes as the result of their own investigation and judgment without the consent of the state commission. It is not intended to take away their duty to pay any judgment recovered in court against the county under section 5750. The right created by that section is not dependent upon any action of county commissioners or other taxing agencies. It is quite plain that such bodies, exercising their administrative power to relieve against erroneous or illegal taxes, would, if they found any tax to be erroneous or illegal, grant relief themselves, and in such a case there would be no occasion to resort to the courts under section 5750. The phrase in that section, "shall thereafter be found to be erroneous or illegal," relates to a finding by a court in a judicial proceeding, and not to the action of administrative boards. To be sure, a taxpayer feeling aggrieved by the assessment of his property, or the levying of a tax, would be bound to seek redress by application to administrative boards clothed with power to grant him relief, before resorting to the courts; but the door to the court is not confined to an appeal from such administrative bodies. Any taxpayer aggrieved by taxing authorities, having exhausted the steps pointed out by statute to obtain relief from such bodies, may then pay the illegal exaction, and institute an independent action under section 5750 to recover any payment which he claims to be erroneous or illegal within the provisions of that section. It seems to us plain, therefore, that section 5 above quoted was not intended as a repeal of section 5750.

[2] But if such had been its purpose it would not affect the tax levy for 1912. By section 5666 of the Revised Statutes of Colorado, the tax list and warrant for its collection must be delivered to the county treasurer not later than January 1st following the year for which the tax is levied. By section 5675 no demand by the treasurer

is necessary, but it is made the duty of every person against whom a tax is levied to pay one-half of the same on or before the last day of February, and the remaining half on or before the last day of July of the year following the one in which the tax is levied. Under these statutes the tax for 1912 was complete on the 1st day of January, 1913. The rights and duties of the public and of taxpayers were fixed at that time. This being the case, the remedies which the law then afforded ought to follow the tax until it is collected. The statute of which section 5 above quoted is a part was not approved until May 1, 1913, five months after the tax of 1912 became complete. It should be given a prospective operation only. That is the cardinal rule of construction, which cannot be departed from except in obedience to the express language of the statute. Union Pacific R. R. Co. v. Laramie Stock Co., 231 U. S. 190, 34 Sup. Ct. 101, 58 L. Ed. 179. The statute here involved contains no language of that import. As a rule, statutes relating to taxation are thus construed. Lewis' Sutherland on Statutory Construction, § 645; Matter of Miller, 110 N. Y. 216;[1] American Investment Co. v. Thayer, 7 S. D. 72, 63 N. W. 233; Hall v. Perry, 72 Mich. 202, 40 N. W. 324. Statutes in force at the time a tax is levied continue in force for its collection, notwithstanding their amendment or repeal. City of Indianapolis v. Morris, 25 Ind. App. 409, 58 N. E. 510; Leonard v. Indianapolis, 9 Ind. App. 262, 36 N. E. 725; Oakland v. Whipple, 44 Cal. 303; Smith v. Kelly, 24 Or. 464, 33 Pac. 642; Smith v. Humphrey, 20 Mich. 398; Blakemore v. Cooper, 15 N. D. 5, 106 N. W. 566, 4 L. R. A. (N. S.) 1074, 125 Am. St. Rep. 574; Cooley on Taxation (3d Ed.) p. 499. Section 6298 of the Colorado Statutes supports this view. It provides that the repeal, revision, or amendment of any statute shall not have the effect to release, extinguish, or modify, in whole or in part, any penalty, forfeiture or *liability*, civil or criminal, which shall have been incurred under such statute. The liability of the county to refund any tax found to be illegal was a part of the levy of 1912. It was a right which the taxpayer had with respect to the tax, as well as a liability of the county, and was not taken away or impaired by the subsequent revision contained in the act of 1913. In our judgment, therefore, the remedy granted by section 5750 was open to the plaintiff.

[3] Is the remedy given by section 5750 adequate? It is difficult to follow the reasoning which would hold that it is not adequate. The evil caused by suits in equity to restrain the collection of taxes is grave, and has often been set forth by courts. Dows v. Chicago, 11 Wall. 108, 112, 20 L. Ed. 65; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Indiana Mfg. Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; Boise Artesian Water Co. v. Boise City, 213 U. S. 276, 29 Sup. Ct. 426, 53 L. Ed. 796. To correct this evil, statutes of similar import to section 5750 have been passed in many of the states of the Union. The highest court of Colorado has frequently declared the correction of this evil to have been the object of its statute. Board of Commissioners of Bent Co. v. Atchison, T. & S. F. Ry. Co., 52 Colo. 609, 125 Pac. 528. The statute is not attacked upon the ground that it is unconstitutional, nor could such an attack, if made, be sustained.

[1] 18 N. E. 139.

The law is, therefore, valid legislation. It was not intended to be cumulative. Its object was to give an action at law for the recovery of sums paid on account of invalid taxes in place of a suit in equity to restrain their collection. Under such circumstances, does it lie with the courts to say that the remedy which the Legislature has provided is inadequate, and that the remedy which it has condemned shall therefore be continued? This would be to make the law of no effect through the traditions of equity. It would not only be judicial legislation, but would nullify a statute which is conceded to be constitutional. It is a mistake to view this statute as relating to procedure only. It creates a right in favor of the aggrieved taxpayer, and, from considerations of the highest public policy, abolishes the right to stay the collection of public revenues by injunction. The courts may not rightfully nullify it upon the ground that the remedy which it gives is less adequate than the one which it takes away. The statute being constitutional, the judgment of the Legislature on that subject must control. Such statutes have been frequently before the Supreme Court, and have been uniformly held to afford a plain, speedy, and adequate remedy such as excludes the right to resort to equity. Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610; Shelton v. Platt, 139 U. S. 597, 11 Sup. Ct. 646, 35 L. Ed. 273; Allen v. Pullman Co., 139 U. S. 658, 11 Sup. Ct. 682, 35 L. Ed. 303; Indiana Mfg. Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; Singer Sewing Mach. Co. v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288. Counsel for plaintiff insists that Raymond v. Traction Co., 207 U. S. 20, 28 Sup. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757, is an exception. We do not so regard it. The opinion is expressly based on the ground that there was no statute in Illinois authorizing a single action for the recovery of money paid in discharge of an illegal tax; that the only remedy was the common-law remedy to pay under protest, to enforce which a multiplicity of actions was necessary. 207 U. S. 39 and 40, 28 Sup. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757.

Counsel urges as an "equitable circumstance" that the tax will cast a cloud upon the title to the company's real property. The remedy which the statute prescribes, however, will dissipate any such cloud. Those cases which hold that a cloud upon the title to real property affords a ground for equitable relief are not applicable, when the taxpayer is given the remedy of paying his taxes and recovering back any sum which the courts shall hold to have been illegally exacted.

[4] Counsel also urges that the taxing officers were guilty of fraud in the assessment of plaintiff's property, and that fraud is a ground of equitable jurisdiction. But it is by no means true that wherever fraud exists equity may be resorted to for redress. That is not the case when a legal remedy has been substituted by statute for the remedy in equity. We are not concerned with the cause of the invalidity of the tax. It may be due to illegality, unconstitutionality, or fraud. Whatever the cause, it can do no more than make the tax invalid, and that alone is not a ground of equitable jurisdiction. In rare cases it may happen that the fraud of taxing officers will create a condition which statutes like section 5750 will not enable courts to redress. Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903, is mentioned in Bent County

v. Santa Fé R. R. Co., 52 Colo. 609, 125 Pac. 528, as an example of this kind, though in the state of Ohio, where that case arose, there was an express statute authorizing a resort to equity, and the Supreme Court of the United States has since held that Cummings v. National Bank rests upon that statute. Shelton v. Platt, 139 U. S. 591, 599, 11 Sup. Ct. 646, 35 L. Ed. 273. The inability of courts to assess property for purposes of taxation may also cause the remedy at law to be inadequate. Auditor General v. Pioneer Iron Co., 123 Mich. 521, 82 N. W. 260. In our judgment the present case contains no exceptional features of the kind to which we have adverted.

Again, we are told that the remedy given by the statute will lead to multiplicity of suits. The county treasurer is, under the statutes of Colorado, the collector of all taxes, state, county, school and municipal. In the acounting system, which the law provides, he is required to pay over the taxes to the state, city, school, and town authorities as the same are collected. It is therefore urged that, if the plaintiff should pay the taxes here complained of, they would be promptly distributed to the several public treasuries on whose behalf they were levied, and that plaintiff would be compelled to resort to a separate suit against each of these in order to recover the money paid. These difficulties are all of counsel's own creating. They do not exist in the statute. Its language is plain and comprehensive. It provides that:

"In all cases where any person shall pay any tax, interests or costs, or any portion thereof, that shall be found to be erroneous or illegal * * * the board of county commissioners shall refund the same, without abatement or discount, to the taxpayer."

As to state taxes, there is an express provision giving to the county credit in its accounting with the state for any taxes that have been refunded. We have no doubt that the same remedy would apply as to municipalities, and that the county treasurer could take credit in his settlements made from time to time with them for their proportion of any sum which the county was compelled to pay as a refund. Be this as it may, the language of the statute is plain. It has existed for more than 40 years. It has been repeatedly held by the highest court of the state to afford the taxpayer a plain, speedy, and adequate remedy. We cannot, from speculative reasoning as to difficulties of accounting, hold that the aggrieved taxpayer will not receive, in a single suit against the county, the full compensation which the law provides. All these dangers as to multiplicity of suits were present in the case of Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288, and in Indiana Mfg. Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; and still the remedy provided by the statute was held to be plain, adequate, and complete, so as to exclude a resort to equity.

[5] Finally it is urged that the evidence has been taken and shows the taxes to be illegal, and plaintiff is therefore entitled to keep its money; that to compel it to pay the taxes, and then bring an action to recover its money under the statute, would not be as complete and speedy a remedy as a decree and injunction in this suit. Hence the plaintiff is entitled to relief in equity. But, if this reasoning is sound, the wrong-

ful resort to equity becomes the very ground of equitable jurisdiction. It is true that an injunction could be issued in this case in a shorter time than would be necessary to pay the taxes and begin an action at law and prosecute it to judgment for the recovery of the money. That, however, is not the test. To determine whether the remedy at law is as speedy and adequate as that in equity, the court must place itself at the beginning before any litigation has been started. If the position of counsel were sound, every decision of the Supreme Court, reversing a decree in equity because the remedy at law was adequate, would be wrong. Decisions of this kind are numerous, many of them occurring in suits to restrain the collection of taxes. As the Supreme Court has often said, section 723 of the Revised Statutes (Comp. St. 1913, § 1244) "means something." Buzard v. Houston, 119 U. S. 347, 351, 7 Sup. Ct. 249, 30 L. Ed. 451. It at least emphasizes the rule which it declares. It can be given effect in no other way than by dismissing suits brought in violation of its provisions. We decline, therefore, to express any opinion touching the validity of the taxes. That issue must be determined in an action under the statute.

The decree of the trial court is affirmed.