## RANDLE VS. WILLIAMS AD.

A writ of certiorari will be quashed by the Court, on the motion of a party, or of its own motion, at any stage of the proceeding, if the Court becomes satisfied that it ought not to have issued.

If the assessment and levy of taxes upon the property of an individual be excessive, the appropriate remedy is by appeal to the County Court to have the assessment corrected.

The Circuit Court has no jurisdiction, by writ of certiorari, to correct the assessment and taxation of property by the sheriff and collector, nor to revise his commissions and charges in the collection of the revenue.

*Appeal from the Circuit Court of Clark county.*

The Hon. SHELTON WATSON, Circuit Judge.

FLANAGIN for the appellant.

The petitioner had his remedy by application to the County Court, under *sec.* 4, *p.* 55, *Acts of* 1852, to correct his taxes if they were overcharged; and having neglected that, he was without remedy. See *Asborn vs. The Inhabitants of Dowriss,* 9 *Pick. Rep.*

If the petitioner had been compelled to make the payment, he had his remedy against the sheriff for money paid by compulsion. 12 *Pick.* 7; 21 *Ib.* 64; *Ib.* 75.

JORDAN for the appellee.

It is submitted that the petitioner sought the proper and only remedy for relief in the premises, by an application to the Circuit Court for a supersedeas and certiorari.

That the Court had authority to grant the writs and properly exercised it, the following authorities are submitted. *Carnall*

*vs. Crawford County,* 6 *Eng.* 604; *Roberts vs. Williams,* 13 *Ark.* 355; *Couch, Ex parte.* 14 *Ib.* 337; *Marr, Ex parte,* 7 *Eng.* 84; *Buckner et al., ex parte,* 4 *Eng.* 73; *Pike vs. The State,* 5 *Ark.* 204.

And if the Court, in the exercise of its superintending control over inferior Courts and their process, had not jurisdiction to perpetually supersede so much of the amount required to be made by sale of the lands and town lots, as was illegally and wrongfully charged, appellant virtually admitted the jurisdiction by failing to plead to it. *Vide authorities above cited.*

Mr. Justice HANLY delivered the opinion of the Court.

It is somewhat difficult to ascertain the precise character of the proceeding before us; because, it seems to have commenced at law, and ended in a decree in chancery; thus uniting chancery and law proceedings in the same controversy, or suit, and producing thereby an abundant harvest of error, and inextricable confusion. As a chancery proceeding it would be wholly unwarranted and unauthorized. We shall, therefore, regard it as having been intended to invoke a remedy at law, through the instrumentality or agency of the common law writ of certiorari, issuing from the Circuit to the County Court of Clark county, as such appears to have been the design of the appellee in setting the proceeding on foot. The fact is, the counsel for the appellee seems to combat the idea with apparent warmth, that it ever was intended, or can be considered, as a chancery proceeding in any sense whatever.

The petition, in substance, complains that appellant is sheriff and collector of Clark county; that there is an excess in the assessment and taxation of certain tracts of land, and fifty-six town lots, situate in Clark county, for the year 1853, and belonging to the estate of Samuel Moore, deceased, of which appellee is the administrator. And it also complains that the appellant, as sheriff and collector of that county, had charged more fees or commissions than he was entitled to by law, and also had paid the printer, for advertising the said lands and lots for sale for taxes, more than he could rightfully or lawfully

charge; that appellant was about to sell the said lands and town lots for the taxes, penalty and costs, so illegally charged thereon, and the petition, among other things, prayed that a certiorari be issued to bring up the record and proceedings of the County Court relative to the assessment of the taxes on the said lands and town lots mentioned, for the year 1853, and that the same might be quashed, and the sale thereof superseded.

The petition showed that no part of the taxes or costs had been paid, but stated that, after the advertisement for sale, a tender was made to the appellant, as collector, of the amount of tax, fees and costs, that petitioner considered to be justly due; but that the appellant, as collector, refused to receive in satisfaction a less sum than the whole amount he had charged.

The application was made, and the writ issued in vacation. The record was returned on *certiorari,* and the sale ordered to be superseded. When the case was finally disposed of in the Circuit Court, it was " ordered, adjudged and decreed " by the Court, that the supersedeas be set aside as to $44 68, and perpetuated as to $36 68, and that the appellant pay the costs expended: and from which he appealed to this Court.

1. It is well settled, that if the Court becomes satisfied, at any stage of the cause, that the writ of certiorari ought not to have issued or been granted, it may be quashed, on the motion of the party, or by the Court of its own motion; because, otherwise, a Court might be forced to proceed, if neither party should see fit to make a motion of the kind, although it might discover that a wrong was about to be committed. See *Rex vs. Wakefield,* 1 *Burr.* 485. *The People vs. The Supervisors of Alleghany,* 15 *Wend. R.* 198. *The People vs. The Supervisors of Queens,* 1 *Hill's R.* 200.

It resembles a case, where a Court will, of its own motion, dismiss a proceeding at any stage of the cause when a want of jurisdiction is discovered. See *Tunstall vs. Worthington, Humph C. C. R.* 662. *The State vs. Kingland,* 3 *Zabr. (N. J.) Rep.* 85.

And this will result from the fact, that, at common law, the writ of certiorari is not a writ of right, but will be granted or denied in the discretion of the Court, according to the circumstances of each particular case. Its issuing in cases where it properly may issue, is discretionary with the Court, and it, therefore, becomes a duty to quash it, whenever it plainly appears that such discretion has been improperly exercised. It was said in the case in 1 *Hill* 200, above cited, that the Court will retrace its steps, by quashing the writ, notwithstanding a return has been made, and the merits of the case gone into. And in 1 *Burr.* 485, the writ of certiorari was superseded, the return ordered to be taken from the files, and the order of the justices, which had been removed by the certiorari, was remanded to the justices again.

2. By the act of 1853, the assessors throughout the State are required to file the assessment lists in the office of the county clerk on, or before the 15th April, and give notice of the fact in each township in the county. And the same act provides, that any person aggrieved by such assessment, so required to be filed, may appeal to the County Court, at the next term thereof after the assessment is so filed, and have the assessment corrected, if it should be found to be incorrect. The manner and mode in which such appeal shall be taken to, and conducted by, the County Court, are also prescribed by the act. See *Pamph. Acts of* 1853, *p.* 55, *secs.* 3 *and* 4.

Hence, if it be true, as alleged in the petition, that the assessment and levy of taxes on the property therein mentioned was excessive, no proposition can be clearer than that the appropriate remedy was by appeal, to the County Court, under the statute, to have the amount erroneously assessed and levied corrected and adjusted in that respect. And it does not appear, nor is it pretended, that the appellee was deprived of the right of appeal without fault or negligence on his part. See *Roberts vs. Williams*, 15 *Ark. R.* 48.

If the sheriff and collector charged more fees and commissions than the law allowed, he was liable to the injured party

in a civil suit, in case they were paid, for the amount illegally charged, and five dollars for each item illegally demanded, and was also subject to a criminal proceeding in the form of an indictment for extortion.   See *Digest* 527.

We are, therefore, of the opinion that the writ of certiorari was improvidently issued in this case, and that the motion of the appellant to quash the same, and set aside the supersedeas ought to have been sustained.

The judgment of the Clark Circuit Court rendered in this cause, is, therefore, reversed, and the same remanded to said Court with directions that the certiorari granted herein be be quashed, and supersedeas awarded thereon be set aside.