Shultz v. The Board of Commissioners of Blackford Co.

APPEAL.—Where a person files a claim, in proper form, before the Board of Commissioners of a county, for the repayment of taxes

Shultz *v.* The Board of Commissioners of Blackford County.

that have been wrongfully assessed against him on real estate which is situated in another county, and said Commissioners refuse to allow his claim, he is entitled to appeal from such judgment of refusal to the Court of Common Pleas.

APPEAL from the *Blackford* Circuit Court.

WORDEN, J.—*Shultz* filed his claim before the Board of Commissioners of *Blackford* county in these words:

" The Board of Commissioners of *Blackford* county, *Indiana,* to *Christian Shultz,* Dr. For taxes wrongfully paid by said *Shultz* to the treasurer of said county, which taxes were paid on the east part of sections 3 and 4 of *Godfrey* farm, which real estate was and is in *Jay* county. Amount of taxes paid, 57 dollars and 13 cents; interest on the same, 20 dollars. All of which has been demanded of said Commissioners, which they refuse to pay.

" C. SHULTZ,

" By his Att'y, *J. Brownlee.*

"*December* 2, 1861."

This claim the Board, after due deliberation, refused to allow.

*Shultz* appealed to the Common Pleas, from which Court the cause was certified to the Circuit Court, because of the interest of the Common Pleas Judge in the cause.

In the Circuit Court the Board moved to dismiss the appeal for the want of jurisdiction, the record not showing such a case as authorizes an appeal. The Court dismissed the appeal, as the record informs us, solely on this ground. *Shultz* excepted.

The proceeding was had under the provisions of the act of 1853, (Stat. 1853, p. 131,) which authorize a person who has paid any taxes that have been wrongfully assessed against him to recover them back.

Shultz *v*. The Board of Commissioners of Blackford County.

The last section of the act provides that "if any Board of County Commissioners refuse to hear the proofs offered by any person, body politic or corporate complaining, or offering to complain before them, that he or they have been wrongfully assessed, the person or body politic or corporate so offering to complain shall have the same right of appeal from the decision of said Board so refusing to hear such complaint that they would have in other cases."

It is insisted that no appeal lies from the action of the Board, except where such Board refuse to hear the proofs offered. In other words, that where the Board hear the proofs and decide upon the matter, no appeal lies. We are of a different opinion. An appeal lies from *all decisions* of the commissioners by any person aggrieved, by the general law. 1 R. S., 1852, p. 229, sec. 31.

The provision above quoted, authorizing an appeal where the commissioners refuse to hear the proofs, was, as we think, inserted out of abundant caution, so that, if such action would not amount to a *decision*, so as to admit of an appeal therefrom under the general law, the applicant should not be without remedy.

There are several grounds assumed in argument to sustain the ruling of the Court in dismissing the appeal, but we are not inclined to travel beyond that upon which the Court below decided. In our opinion, the case made was such an one as entitled *Shultz* to appeal from the action of the Board in refusing to allow his claim.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*John Brownlee*, for the appellant.

*Walter March*, for the appellee.