STONEBRAKER v. HUNTER, Treasurer of Osage County, Okl., et al.

(Circuit Court of Appeals, Eighth Circuit. June 16, 1914.)

No. 3933.

1. TAXATION (§ 611*)—ENJOINING COLLECTION—WHEN ACTION MAINTAINABLE.

Independent of statute, a suit in equity will not lie to enjoin illegal taxes, in the absence of some specific ground of equitable jurisdiction, such as the avoidance of a multiplicity of suits, as ordinarily there is a plain, speedy, and adequate remedy at law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. § 611.*]

2. TAXATION (§ 611*)—ENJOINING COLLECTION—WHEN ACTION MAINTAINABLE.

Wilson's Rev. & Ann. St. Okl. 1903, § 4440, providing that an injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment or the collection of any illegal tax, charge, or assessment, does not create any new remedy nor authorize a suit in equity to enjoin the col-

lection of a tax unless some independent ground of equitable jurisdiction exists aside from the illegality of the tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. § 611.*]

3. STATUTES (§ 226*)—CONSTRUCTION OF STATUTE ADOPTED FROM ANOTHER STATE.

The adoption of a statute from another state is an adoption of the construction placed upon the statute by the court of last resort of the state from which it was taken, prior to such adoption.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 307; Dec. Dig. § 226.*]

4. COURTS (§ 366*)—DECISIONS OF STATE COURTS AS AUTHORITY IN UNITED STATES COURTS.

Where the court of last resort of a state adopting a statute from another state repudiates the construction put upon the statute by the courts of such other state, its action in so doing is binding upon the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*]

5. COURTS (§ 366*)—DECISIONS OF STATE COURTS AS AUTHORITY IN UNITED STATES COURTS.

The uniform holding of the Supreme Court of a state, in all cases where the question was raised, that an action to enjoin the collection of an illegal tax would not lie without a showing of independent grounds of equitable jurisdiction was binding on the federal courts, though such actions had been maintained in numerous instances where the question was not raised.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union Planters' Bank v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by Howard M. Stonebraker against John A. Hunter, County Treasurer of Osage County, Okl., and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

H. B. Martin, of Tulsa, Okl. (Charles E. Bush, of Lindsay, Cal., and A. F. Moss, of Tulsa, Okl., on the brief), for appellant.

Charles West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for appellees.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

SMITH, Circuit Judge.   [1] This is an action to enjoin taxes alleged to be illegal. It is and must be conceded that, independently of statute, an action in equity will not lie to enjoin illegal taxes in the absence of some specific grounds for equitable relief. Ordinarily there is a plain, speedy, and adequate remedy at law, and, to maintain an action in equity to enjoin such taxes, there must be some distinct ground of equitable jurisdiction, such as to avoid a multiplicity of suits or the like. Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 Sup.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ct. 942, 57 L. Ed. 1288; Same v. Same, 179 Fed. 628, 103 C. C. A. 186; Pittsburgh Railway v. Board of Public Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000.

[2] It is claimed, however, that a statute of Oklahoma provided for the relief in such cases by injunctions.

"An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceedings to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction." Section 242, vol. 2, Wilson's Statutes of Oklahoma of 1903.

If this section would authorize a suit in the state court, then the plaintiff, being a citizen of Missouri, could maintain the action in the United States Court. Cummings v. Merchants' National Bank, 101 U. S. 153, 25 L. Ed. 903.

The question, therefore, is whether this action could be maintained in any of the courts of Oklahoma.

In Wilson v. Wiggins et al., 7 Okl. 517, 525, 54 Pac. 716, 718, the court says:

"The rule denying the right to interfere by injunction to restrain the collection of a tax, unless the case is brought within some acknowledged head of equity jurisprudence, is one of public policy. This court has repeatedly held that section 4143 of the Statutes of Oklahoma of 1893 (being the same as section 242 of volume 2 of Wilson's Statutes of Oklahoma of 1903), providing that injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or of any proceeding to enforce the same, did not substantially enlarge the general powers of a court of equity, and did not create any new remedy; and that such remedy may not be invoked in every case where a tax has been irregularly assessed or levied, nor may it be invoked in any case without the party invoking it bringing himself within the general principles of equitable relief, in addition to establishing the illegality complained of. Wallace v. Bullen, 6 Okl. 17, 52 Pac. 954; Sweet v. Boyd, 6 Okl. 699, 52 Pac. 939."

[3, 4] To the same effect is Carroll v. Gerlach, Tres., 11 Okl. 157, 65 Pac. 844. The case of Fast v. Rogers, 30 Okl. 289, 119 Pac. 241, is squarely in point in this case, and holds an injunction suit will not lie in Oklahoma unless the case involves some matter of equitable cognizance, and of course if it will not lie in Oklahoma it will not lie in the federal court, for the reasons just indicated. But it is claimed that that case does not expressly refer to the section of the Oklahoma statutes on injunctions, but, when it is read in the light of prior decisions, it is manifest that the Supreme Court of Oklahoma regarded the act in question as simply conferring the right to an injunction where the court of equity already has jurisdiction upon some distinct ground. It is claimed that the statute in question was taken from Kansas and was there construed before its adoption by Oklahoma as conferring an independent right to enjoin any illegal tax. It is true that the adoption of a statute from another state is an adoption of the construction already placed upon that statute by the court of last resort in the state from which it was taken at the time of its adoption; but, if the

. court of last resort of the state adopting the statute repudiates such construction, its action will be binding upon the federal court in a case of this character.

[5] It is also claimed that numerous injunction suits to restrain illegal taxes have been entertained in Oklahoma before and since its admission as a state and without any showing of independent grounds of equitable jurisdiction. This is denied by appellees, but if it should be conceded that, in cases where the question was not raised, the Supreme Court of Oklahoma had so held, that could not avail the appellant, if, in all cases where the question was raised prior to the institution of this suit, that court had held such an action would not lie.

We find that the Supreme Court of Oklahoma has uniformly held, where the question was considered by it that such an action would not lic, and there being no allegation in the bill of complaint of any distinct grounds of equitable jurisdiction, the action of the district court in dismissing the bill was correct; and it is affirmed.