ATCHISON, T. & S. F. RY. CO.  v. BOARD OF COM'RS OF DOUGLAS COUNTY, COLO., et al.

(Circuit Court of Appeals, Eighth Circuit.   September 7, 1915.)

No. 4326.

TAXATION ☞608—LEVY AND ASSESSMENT—CORRECTION.
    That the state board of equalization has violated its duty in denying the petition of a railway company to review an assessment without hearing does not entitle the carrier to relief in equity, in the absence of evidence of fraud, accident, or mistake, or of a showing that it was prejudiced, and that the assessment ought to have been corrected.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. ☞608.]

Appeal from the District Court of the United States for the District of Colorado; John A. Riner, Judge.

Suit by the Atchison, Topeka & Santa Fé Railway Company against the Board of County Commissioners of the County of Douglas, Colo., and others, to restrain the collection of taxes. From a denial of a temporary injunction, plaintiff appeals. Affirmed.

Henry T. Rogers, of Denver, Colo., and S. T. Bledsoe, of Oklahoma City, Okl. (Pierpont Fuller, of Denver, Colo., Gardiner Lathrop, of Chicago, Ill., and Daniel B. Ellis, Lewis B. Johnson, and George A. H. Fraser, all of Denver, Colo., on the brief), for appellant.

A. L. Doud, of Denver, Colo. (J. M. Taylor, of Castle Rock, Colo., and A. J. Fowler, of Denver, Colo., on the brief) for appellees.

N. H. Loomis, of Omaha, Neb., and C. C. Dorsey, of Denver, Colo., amici curiæ.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge.   The railway company filed its bill in the trial court, claiming that the taxes levied upon it by the defendant county, for the year 1912, were void, and asking that their collection be restrained. Application was made for a temporary injunction. The case was heard before Judge Riner. He required the parties

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to submit their evidence orally. The railway company produced its witnesses, who were examined and cross-examined. At the conclusion of plaintiff's case the trial court denied the application for a temporary injunction, and plaintiff appeals. The court stated its reason for its decision as follows:

"In view of the principles of law that must be applied in the determination of this case, I do not think you (referring to the plaintiff) have made a case for temporary relief. I do not recall a scintilla of evidence that tends to show fraud, accident, or mistake, or any other grounds for equitable jurisdiction. Now, so far as this county assessment is concerned, it seems to me that the assessment was as fair as any that has come under my observation in any tax case that I can recall."

The assessor was the only witness who testified upon the matter of the assessment of lands and other property in the county, and his testimony stands before the court undisputed.

Appellant urges two grounds of complaint: First. It claims that other railroad property was assessed at a much lower valuation than its property, and that other property in the county was likewise assessed at a lower valuation. For the purpose of having the assessment made by the state tax commission reviewed, it filed a petition with the state board of equalization, which is vested with power to review such assessments, setting forth in general terms the grounds of its complaint. The statute required the board of equalization to fix a time for the hearing of such petition, and to notify the petitioner and give to it an opportunity to be heard and to produce evidence. The state board of equalization failed to do this, but when the period within which such a review could be had was about to expire, it made an order denying the petition of plaintiff, and other like petitions, without any hearing. The order also approved the assessment. Second. It is claimed that the assessment of property for the purpose of taxation is a quasi judicial act, and that in an action at law to recover back taxes paid under protest the assessment cannot be collaterally attacked. It is therefore argued under this head that the Colorado statute permitting a recovery of illegal taxes, does not apply. In support of this Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000, and Western Union Telegraph Co. v. Missouri, 190 U. S. 412, 23 Sup. Ct. 730, 47 L. Ed. 1116, are cited.

As to the first ground of complaint, we think the action of the state board of equalization was a clear violation of its duty, and of the rights of the railway company. That, however, is not enough to entitle the railway company to relief in a court of equity. It must show that it was prejudiced; in other words, it must show that the assessment was unfair, and ought to have been corrected by the state board of equalization. This it attempted to do before Judge Riner. It produced the evidence before him which the board of equalization ought to have heard. He considered it, and found that there was no just cause of complaint against the assessment. The evidence amply warranted his conclusion. Certainly there was very substantial evidence to support his decision. That being the case, we ought not to disturb his order.

As to the second ground, the cases referred to arose where there

was no statute giving the right to recover taxes for erroneous assessments. The statute of Colorado in express terms gives that right, so the authorities cited are not controlling in this case.

Finally this case is clearly ruled by our opinion in Union Pacific Railway Co. v. Commissioners of Weld County, 217 Fed. 540, 133 C. C. A. 392, and 222 Fed. 651, —— C. C. A. ——.

The order is therefore affirmed.