McLAUGHLIN et al. v. ST. LOUIS SOUTHWESTERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1916. Rehearing Denied May 1, 1916.)

No. 4514.

1. HIGHWAYS ☞148—ASSESSMENTS—ENFORCEMENT—INJUNCTION—JURISDICTION—ADEQUATE REMEDY AT LAW.

Road Law Ark. (Acts 1913, p. 882) § 13, provides that the findings of a county court, fixing the assessments of benefits or damages on account of the building of a road, shall have the effect of a judgment against all property in the district, and that any landowner may appeal therefrom to the circuit court. The general laws of the state provide for appeals from the latter court to the Supreme Court of the state. *Held*, that a federal court of equity is without jurisdiction of a suit by a landowner to enjoin enforcement of such an assessment, where the jurisdiction of the county court to make it is not questioned; the remedy at law being plain, adequate, and complete.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 399–403; Dec. Dig. ☞148.]

2. COURTS ☞259—JURISDICTION—FEDERAL COURTS—EFFECT OF STATE LEGISLATION.

Provisions of the Constitution or statutes of a state cannot enlarge the jurisdiction of a federal court of equity, as restricted by Judicial Code (Act March 3, 1911, c. 231) § 267, 36 Stat. 1163 (Comp. St. 1913, § 1244).

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 795, 796; Dec. Dig. ☞259.]

3. HIGHWAYS ☞148—ASSESSMENTS—ENFORCEMENT—INJUNCTION—JURISDICTION—ADEQUATE REMEDY AT LAW.

The law of Arkansas, as established by the decisions of its Supreme Court, does not give a court of equity jurisdiction to enjoin collection of a tax based on an excessive or erroneous assessment, where the statute provides an adequate remedy by appeal from the assessment.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 399–403; Dec. Dig. ☞148.]

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit in equity by the St. Louis Southwestern Railway Company against W. H. McLaughlin and others. Decree for complainant, and defendants appeal. Reversed.

J. F. Loughborough, of Little Rock, Ark., and Charles A. Walls, of Lonoke, Ark. (W. E. Hemingway, George B. Rose, D. H. Cantrell, and V. M. Miles, all of Little Rock, Ark., on the brief), for appellants.

W. T. Wooldridge, of Pine Bluff, Ark. (Edward A. Haid and A. L. Burford, both of St. Louis, Mo., and F. G. Bridges, of Pine Bluff, Ark., on the brief), for appellee.

Before ADAMS and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. The appellants have appealed from a decree which adjudged that the assessment of benefits in the sum of $20,000 against the appellee by the board of assessors of road improvement district No. 5, of Lonoke county, Ark., was void, and which perpetually enjoined said board, the board of commissioners of said

district, E. M. High, as county clerk, and Pat M. Swain, as collector, from enforcing or attempting to enforce any collection of taxes based upon said assessment.

[1] This decree was entered upon pleadings and proofs upon a bill in equity filed by appellee, a Missouri corporation. It was contended in the court below by appellants that the court had no jurisdiction as a court of equity, for the reason that, it appeared that appellee had a plain, adequate, and complete remedy at law. This objection was overruled, and such ruling is assigned as error. The facts bearing on this question appear in the record as follows:

On July 29, 1913, the county court of Lonoke county, Ark., pursuant to law, created and established road improvement district No. 5, in said county. The district included within its boundaries certain lands of appellee. The court subsequently appointed a board of commissioners and a board of assessors for said district. On May 6, 1914, the board of commissioners filed in the county court an assessment of benefits made and certified by the board of assessors. May 16, 1914, appellee filed exceptions to said assessment, to which exceptions counsel for the board of assessors filed a reply. On May 21, 1914, after a hearing upon notice previously given to all persons interested, said court equalized and approved said assessment of benefits. The assessment estimated appellee's benefits resulting from the road improvement at $20,000. June 18, 1914, appellee appealed from said judgment of the county court to the circuit court of Lonoke county. August 11, 1914, appellee dismissed the appeal. The bill in the present case was filed May 28, 1914, and alleged that the assessment of benefits was unlawful, illegal, unauthorized, and void for the following reasons: That appellee's property located within the improvement district would not, and could not, receive any benefits from the improvement to be made; that the assessment was arbitrarily made, without regard to the benefits that would accrue to appellee's property; and that the assessment was unjust and unequal as compared with the assessment made against other lands within the district similarly located. There was nothing alleged in the bill attacking the jurisdiction of the county court to render the judgment which it did, nor was the bill a bill of review.

Act Gen. Assem. Ark. 1913, No. 212, § 13, provides with reference to the judgment of the county court, such as is here in question, as follows:

"Sec. 13. At the hearing provided for in the preceding section and after the county court shall have considered the assessments, it shall enter its findings thereon, either confirming the assessments, increasing or diminishing same. The finding of the county court shall have the force and effect of a judgment against all property in said district.

"Any owner of real property within the district may appeal from the judgment fixing the assessment of benefits or damages within ten days in the same manner as provided in section 4 of this act, but such appeal shall affect only the tract of land concerning which said appeal is taken, and if no appeal is taken within that time, such judgment shall be deemed conclusive and binding upon all property within the bounds of the district, and upon the owners thereof and any owner of the real property within the district may within a like time appeal from any order of the court refusing to enter such a judgment."

We have in the statute cited a provision that the finding of the county court shall have the force and effect of a judgment, and an appeal is allowed to the circuit court of the county, and by general law an appeal is allowed from the circuit court to the Supreme Court. In our opinion there was provided a plain, adequate, and complete remedy at law for appellee to correct any errors in the assessment of which it complains in its bill. In determining the question as to whether the court below had jurisdiction as a court of equity, we may well start with section 267 of the Judicial Code which reads as follows:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

In New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205–214, 2 Sup. Ct. 279, 286 [27 L. Ed. 484], the Supreme Court said: "This enactment certainly means something." Counsel for appellee, however, for the purpose of showing that the court below had jurisdiction of this action in equity cites article 16, § 13, Constitution of Arkansas, which reads as follows:

"Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

He also cites section 3966 of Kirby's Digest of the Statutes of Arkansas, which reads as follows:

"The judge of the circuit court may grant injunctions and restraining orders in all cases of illegal or unauthorized taxes and assessments by county, city or other local tribunals, boards or officers."

[2] Counsel then argue that the provision of the Constitution and laws of Arkansas, above cited, can be invoked for the purpose of conferring jurisdiction in equity upon the United States District Court, sitting in Arkansas, to entertain the present action. The result of such a contention, if it may be maintained, is to hold that the people of Arkansas, in framing a Constitution, and the General Assembly thereof, in the enactment of laws, may enlarge or limit the jurisdiction of the federal court sitting in equity. Not only that, but that they may repeal section 267 of the Judicial Code. We should hesitate some time before adopting views which would lead to such a result.

The case of Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903, is cited as sustaining the position of counsel for appellee in this case. We do not think the Supreme Court in the case cited intended to hold that the Legislature of the state of Ohio could repeal section 267 of the Judicial Code, or what was section 723 of the Revised Statutes of the United States. We think the authority of Cummings v. Bank, supra, so far as the question of jurisdiction is concerned, was greatly weakened, if not overruled, by the case of Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873.

In the Shattuck Case, the plaintiff alleged that he was the owner in fee of certain described lands in Iowa, and that the defendants were in the possession and enjoyment of the property, claiming title

under certain documents purporting to transfer the same, but which were fraudulent and void. The Supreme Court held that the plaintiff had an adequate remedy at law in ejectment. The plaintiff in order to show that the federal court had jurisdiction in equity of his case cited a provision of the Code of Iowa. The Supreme Court, in disposing of this contention, used the following language:

"The Code of Iowa enacts that 'an action to determine and quiet the title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession' [Code Iowa 1873, § 3273], implying that the action may be brought against one in possession of the property. And such has been the construction of the provision by the courts of that state. Lewis v. Soule, 52 Iowa, 11 [2 N. W. 400]; Lees v. Wetmore, 58 Iowa, 170 [12 N. W. 238]. If that be its meaning, an action like the present can be maintained in the courts of that state, where equitable and legal remedies are enforced by the same system of procedure and by the same tribunals. It thus enlarges the powers of a court of equity, as exercised in the state courts; but the law of that state cannot control the proceedings in the federal courts, so as to do away with the force of the law of Congress declaring that 'suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate and complete remedy may be had at law,' or the constitutional right of parties in actions at law to a trial by a jury. The state, it is true, may create new rights and prescribe the remedies for enforcing them, and, if those remedies are substantially consistent with the ordinary modes of proceeding in equity, there is no reason why they should not be enforced in the courts of the United States, and such we understand to be the effect of the decision in Clark v. Smith, 13 Pet. 195 [10 L. Ed. 123], and In re Broderick's Will, 21 Wall. 503 [22 L. Ed. 599]."

The case of Indiana Manufacturing Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651, was a suit in equity to enjoin the collection of taxes. The United States Circuit Court for the District of Indiana dismissed the bill. By reference to the general tax laws of Indiana of 1891, as amended by the act of 1895 (Laws Ind. 1895, c. 36, § 4), it appeared that the statement made by the taxpayer to the assessor is by him delivered to the county auditor, who in turn delivers it to a board of review which values and assesses the taxpayer's property. This board of review makes the original assessment. Any taxpayer may appeal from the assessment to the state board of tax commissioners. Upon such an appeal the state board, if it decides that the property is assessable, may make such assessment, increasing or reducing it, as it may decide proper. The act of 1853 (Rev. St. Ind. 1881, §§ 5813, 5814) provides for the recovery of taxes wrongfully paid. The Supreme Court, in holding that the plaintiff had an adequate remedy at law, said:

"Under that law the complainant was bound in the first place to appeal from the decision of the board of review, which included the letters patent in the value of the shares of stock of the corporation. Such appeal would, by the provision of the statute, be taken to the state board of tax commissioners, and if that board affirmed the decision of the board of review the corporation could pay the tax and immediately file a petition with the board of county commissioners to recover it back under the act of 1853, above referred to. An appeal is given from the refusal of that board to repay the tax. 3 Rev. St. Ind. § 7917, Ed. of 1894; Shultz v. Board, etc., 20 Ind. 178; State v. Board, etc., 63 Ind. 497, 501. This appeal would be taken to the circuit court, and by the general law an appeal lies from that court to either the Appellate Court or the Supreme Court of the state, according to the amount

involved. * * * We are not convinced that the act of 1853 has been repealed, and the remedy thereby provided being sufficient, we hold complainant had an adequate remedy at law."

In the case of Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288, a statute of the state of Colorado, which allowed a taxpayer to recover back taxes erroneously assessed, was held to provide an adequate remedy at law. The cases of Union Pacific Railroad Co. v. Commissioners of Weld County, 217 Fed. 540, 133 C. C. A. 392, A., T. & Santa Fé v. Commissioners of Douglas Co., 225 Fed. 978, —— C. C. A. ——, Singer Sewing Machine Co. v. Benedict, 179 Fed. 628, 103 C. C. A. 186, Pittsburg Railway Co. v. Board of Public Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354, Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273, Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000, are to the same effect.

[3] We have thus far assumed that the Constitution and laws of Arkansas, as above cited, conferred jurisdiction upon the state courts of Arkansas to enjoin the collection of taxes in cases like the one at bar; that is, where the gist of the action is an assault upon an erroneous assessment of property for taxation. We refuse to assent to the proposition that, if they do, they can be made available for the purpose of conferring jurisdiction upon the United States District Court for Arkansas in a case like the present one. But the Arkansas cases do not seem to have decided that in a case like the present one the tax may be enjoined.

The case of Arlington Hotel Co. v. Buchanan, 110 Ark. 34, 160 S. W. 895, was one where the hotel company complained that its assessment had been erroneously increased by the deputy assessor from $151,000 to $172,000, and that no notice had been given to the company of this unauthorized increase. To correct this error, and to prevent this illegal imposition, the hotel company instituted an action in the Garland county chancery court to restrain the collection of so much of the tax then extended upon the tax books in the hands of the defendant collector as was based upon the difference between the assessment as the same appeared and what it should be. The Supreme Court of Arkansas, in deciding that, the case being one involving merely an alleged error of the assessor in fixing the valuation of the property, it was beyond the province of a court of equity to review, said:

"The statutory remedy of the plaintiff was complete to redress the wrong done by the excessive assessment. Courts of equity under those circumstances have no jurisdiction to review the action of the assessing board. In the recent case of Clay County v. Brown Lumber Company, 90 Ark. 413 [119 S. W. 251], we said that 'when a mode, in the nature of an appeal, is prescribed by the statute, a failure to invoke the statutory remedy within the time and manner prescribed precludes relief by any other proceedings.'"

In the Board of Equalization Cases, 49 Ark. 533, 6 S. W. 1, it was said:

"And where an adequate remedy in the nature of an appeal is provided, as is done in our statute, the better opinion is that a mere error of judgment on the part of the board or a mistake in their conclusion, though arrived at without evidence where evidence is required, is not available in a collateral

issue. The taxpayer must pursue the remedy provided for his relief or abide would follow in permitting the taxpayer to select arbitrarily his own time by the finding of the board [citing numerous authorities]. Great mischief and tribunal to test the correctness of an assessment. An overvaluation in an assessment cannot, therefore, be corrected by injunction or certiorari. Randle v. Williams, 18 Ark. 380; Moore v. Turner, 43 Ark. 257, and cases cited. The only remedy is by proof of the fact that the assessment is too high, on appeal or application to the county court in the mode and within the time pointed out by statute."

The cases of Vaughan v. Bowie, 30 Ark. 278, Brodie v. McCabe, 33 Ark. 690, Cole v. Blackwell, 38 Ark. 271, St. Louis Southwestern Ry. Co. v. Kavanaugh, 78 Ark. 468, 96 S. W. 409, Little Rock v. Barton, 33 Ark. 441, Dreyfus v. Boone, 88 Ark. 353, 114 S. W. 718, Merwin v. Fussell, 93 Ark. 336, 124 S. W. 1021, and Harrison v. Norton, 104 Ark. 16, 148 S. W. 497, are entirely consistent with the above decisions when the facts in each case are examined.

So far as we have been able to examine the Arkansas cases, where the assault upon the tax is for an excessive assessment, the Supreme Court has held the remedy by injunction to be unavailing. This court, in the case of Stonebraker v. Hunter, 215 Fed. 67, 131 C. C. A. 375, decided that a statute of Oklahoma conferring power upon the state courts in that state to enjoin the illegal levy of any tax, charge, or assessment, was not available to confer jurisdiction upon a federal court sitting in that state, for the reason that the statute as construed by the Supreme Court of Oklahoma did not allow the maintenance of suits in equity to enjoin a tax, except in those cases where injunctions were recognized by courts of equity. It is alleged in the bill in this case that, as the tax upon the assessment levied would be payable by installments over a number of years, the bringing of this action would save a multiplicity of suits; but appellee cannot be heard to urge this as a ground of jurisdiction, where a simple appeal from the county court would have settled the whole controversy in one case.

In conclusion, it is our opinion that the court below ought to have dismissed the case for want of jurisdiction as a court of equity, for the reason that appellee had a plain, adequate, and complete remedy at law in the appeal given by the laws of Arkansas; and as it is our opinion that the appellee was confined to the remedy by appeal, we reverse the decree below, and remand the case, with directions to dismiss the bill.