SMITH v. DOUGLAS COUNTY, NEB., et al.

(Circuit Court of Appeals, Eighth Circuit.   April 9, 1917.)

No. 4786.

1. COURTS ⬤⇒371(6)—FEDERAL COURTS—JURISDICTION.

A state statute, providing that the amount of any tax paid erroneously shall be refunded, entitles a taxpayer to maintain an action at law therefor in the federal courts, if the elements of federal jurisdiction, such as diverse citizenship, be present.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 976.]

2. TAXATION ⬤⇒905(1)—INHERITANCE TAX—INJUNCTION—ADEQUATE REMEDY AT LAW.

Inheritance Tax Law Neb. § 10 (Rev. St. 1913, § 6631), under which a tax was assessed and levied, declares that, when the amount of the tax shall have been paid erroneously to the state treasurer, it shall be lawful for him, on satisfactory proof, to refund and pay to the executor, administrator, or trustee, or person who has paid such tax, the amount thereof, provided that all applications for repayment shall be made within two years after the date of payment. Plaintiff filed suit in federal

courts to enjoin collection of such taxes. *Held*, that as plaintiff had a complete and adequate remedy at law, which was available in the federal courts, equity would afford no relief.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1728, 1729.]

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Bill by George Warren Smith against the County of Douglas in the State of Nebraska and others. From the decree, plaintiff appeals. Reversed and remanded, with instructions to dismiss the bill.

Francis A. Brogan, of Omaha, Neb. (Anan Raymond, of Omaha, Neb., on the brief), for appellant.

George E. Bertrand and John H. Grossman, both of Omaha, Neb. (George A. Magney, of Omaha, Neb., on the brief), for appellees.

Before CARLAND and STONE, Circuit Judges, and RINER, District Judge.

CARLAND, Circuit Judge. The appellant brought this action to restrain the collection of an inheritance tax assessed upon the property of one Francis Smith. The objection was made in the court below, and is renewed here, that the trial court had no jurisdiction of the controversy as a court of equity, for the reason that the appellant had a complete and adequate remedy at law.

Section 10 of the Inheritance Tax Law, under which the tax complained of was assessed and levied, reads as follows:

"When any amount of said tax shall have been paid erroneously to the state treasurer it shall be lawful for him, on satisfactory proof rendered to him by said county treasurer of said erroneous payments, to refund and pay to the executor, administrator or trustee, person or persons who have paid any such tax in error, the amount of such tax so paid, provided that all applications for the repayment of said tax shall be made within two years of the date of said payment." Rev. St. Neb. 1913, § 6631.

Section 6491 of the Revised Statutes of Nebraska, being section 203 of the Revenue Law, reads as follows:

"In every case the person or persons claiming any tax, or any part thereof, to be for any reason invalid, who shall pay the same to the county treasurer, may proceed in the following manner, viz.:

"First. If such person claim a tax, or any part thereof, to be invalid for the reason that the property upon which it was levied was not liable to taxation, or that the property has been twice assessed in the same year and taxes paid thereon, he may pay such taxes under protest to the county treasurer, or other proper authority, and it shall be the duty of the treasurer, or other proper authority receiving such tax, to give a receipt therefor stating thereon that they were paid under protest, and the grounds of such protest, whether or not taxable or twice assessed, and taxes paid thereon. If such taxes are paid to the proper authority, other than the county treasurer, such persons so receiving them shall, within ten days thereafter, deliver such taxes, or such part thereof as are paid under protest, to the county treasurer, together with a copy of the receipts given for the same, and the county treasurer shall retain the money so paid under the protest until otherwise directed by order of the county board. Within thirty days after paying such taxes the person paying them shall file a statement in writing, duly verified, with the county board, setting forth the amount of tax paid under protest, the grounds of such protest, and shall attach thereto the receipt taken for said taxes. Whereupon at the first meeting of the county board thereafter, they shall inquire into the matter, and

if they shall find, either that the property upon which taxes were levied was not liable for taxation, or that it had been twice assessed in the same year, and taxes paid thereon, they shall issue an order to the county treasurer to refund the taxes, stating therein what sum shall be refunded, and if they shall find that the grounds of such protest are not true, they shall issue an order to the county treasurer to dispose of the money in the same manner, as though it had not been paid under protest. Appeals may be taken from such decisions in the same manner and within the time as appeals are now taken from the action of the county board in allowance or disallowance of claims against the county; and if such an appeal be taken the county treasurer shall retain such taxes until the case is finally determined: Provided, he shall in all cases retain said money until the time for an appeal shall have elapsed. If an appeal from the decision of the county board be taken, and upon the final determination thereof their decision be affirmed, the treasurer shall at once carry the order of the board into effect; but if their decision be reversed, they shall issue a new order to the treasurer conforming to the decree of the court finally determining the case. In all cases where the treasurer shall refund such taxes he shall write opposite such taxes in the tax list the words, 'Erroneously taxed—refunded.' "

[1, 2] In Singer Sewing Machine Company v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288, Mr. Justice Van Devanter in delivering the opinion of the court said:

"In the courts of the United States it is a guiding rule that a bill in equity does not lie in any case where a plain, adequate and complete remedy may be had at law. The statute so declares (Rev. Stat. § 723 [Comp. St. 1916, § 1244]), and the decisions enforcing it are without number. If it be quite obvious that there is such a remedy, it is the duty of the court to interpose the objection sua sponte, and in other cases it is treated as waived, if not presented by the defendant in limine. Raynes v. Dumont, 130 U. S. 354, 395 [9 Sup. Ct. 486, 32 L. Ed. 934]; Allen v. Pullman's Palace Car Co., 139 U. S. 658 [11 Sup. Ct. 682, 35 L. Ed. 303]. There was no waiver here. The objection was made by the demurrer, and again by the answer, and so, if it was well grounded, it was as available to the defendants in the Circuit Court of Appeals to prevent a decree against them there as it was in the Circuit Court. Boise Artesian Water Co. v. Boise City, 213 U. S. 276 [29 Sup. Ct. 426, 53 L. Ed. 796]."

It was decided in this same case that a statute of Colorado, which provided that any tax found to be erroneous or illegal should be refunded to the taxpayer, gave a right of action which could be enforced by an action at law in the Circuit Courts no less than in the state courts, if the elements of federal jurisdiction, such as diverse citizenship, were present. Ex parte McNeil, 13 Wall. 236, 20 L. Ed. 624; United States Mining Company v. Lawson, 134 Fed. 769, 67 C. C. A. 587.

Section 723 of the Revised Statutes is now section 267 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [Comp. St. 1916, § 1244]), which reads as follows:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

In New York Guaranty Company v. Memphis Water Company, 107 U. S. 205, 2 Sup. Ct. 279, 27 L. Ed. 484, the Supreme Court, in referring to the law just quoted, said: "This enactment certainly means something." The following cases also decide that statutes like those of Nebraska hereinbefore quoted provide an adequate remedy at law: Indiana Manufacturing Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452,

47 L. Ed. 651; Union Pacific Railroad Co. v. Commissioners of Weld County, 217 Fed. 540, 133 C. C. A. 487 (8th Cir.); A., T. & S. F. Ry. Co. v. Commissioners of Douglas County, 225 Fed. 978, 141 C. C. A. 100 (8th Cir.); Singer Sewing Machine Co. v. Benedict, 179 Fed. 628, 103 C. C. A. 186 (8th Cir.); Pittsburg Railway Co. v. Board of Public Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; McLaughlin v. St. Louis Southwestern Ry. Co., 232 Fed. 579, 146 C. C. A. 537 (8th Cir.).

We do not decide whether the general revenue law would apply to the case of appellant, as that question has not been fully argued: but section 10 of the Inheritance Tax Law certainly would apply, and under decisions which are binding upon us it affords an adequate remedy at law. We therefore are of the opinion that the decree rendered by the trial court should be reversed, and the case remanded, with instructions to dismiss the bill for reasons herein stated; and it is so ordered.